WALDROP PHOTOGRAPHIC Co., Plaintiff and Appellant, *v.* MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 5381. Argued May 13, 1932.—Decided March 14, 1933.

*O. B. Frazer* and *R. Castro Fernández* for appellant. *Charles E. Winter, Attorney General (James R. Beverley* on the brief), and *T. Torres Pérez* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The Waldrop Photographic Co., a corporation organized under the laws of the State of California, brought suit against the Treasurer of Puerto Rico to recover taxes paid for the year ending March 1, 1924, and for the year ending March 1, 1925. Two counts were filed to recover the taxes of each of said years respectively. In each of said counts the plaintiff set up that it was entitled to exemption by

reason of section 34 of Act No. 74 of 1925, whereby certain corporations were entitled to a deduction of $4,000 from their gross income and also were entitled to deductions for disbursements or payments made to their employees. The Treasurer of Puerto Rico in each year disallowed both deductions and the District Court of San Juan also refused to allow them. The question of whether the corporation is entitled to a deduction of $4,000 for its gross rents has been settled by our opinion and judgment in the case of *Nitrate Agencies Co.* v. *Domenech,* decided February 8, 1933, *ante,* p. 498, and hence the plaintiff-appellant would be entitled to some return for each of said years.

With respect to the claim for disbursements the plaintiff claimed deduction for salaries paid to Mr. Nichols, doing his work in Puerto Rico and for Mr. Payne, doing his work in the United States. On appeal to the Board of Review and Equalization the said board allowed the claim with respect to the salary of Mr. Nichols, but refused the claim with respect to that of Mr. Payne.

The Attorney General maintains that under section 32, par. (*b*) of Act No. 74 of 1925, a foreign corporation is only entitled to deductions from income that has been earned in Puerto Rico and that there was no showing that the income of the Waldrop Photographic Co. was earned in Puerto Rico.

As the Board of Review and Equalization allowed the claim for the salary of Mr. Nichols it might appear that there was some merit to the contention of the appellant and that the corporation was entitled to reasonable salaries. The salary of Mr. Payne was entirely earned as claimed for services performed within the continental part of the United States. The plaintiff-appellant is under the law, as interpreted by our decision in the *Nitrate Agencies Co.* case, *supra,* a foreign corporation. It would, therefore, appear prima facie at least that the complaint did not show that this disbursement arose by reason of any work in Puerto Rico. *Non constat* that the said foreign or non-Puerto Rican

corporation paid the salaries of Mr. Payne from assets derived in continental United States and by reason of other work of said foreign corporation. The case was decided on a demurrer and the complaint does not satisfy us that the Treasurer was mistaken in refusing to allow a deduction for the salary paid Mr. Payne and the action of the lower court in this regard in sustaining the demurrer should be affirmed.

In the first count of the complaint the appellant set up it paid the sum of $361.88 under protest and was entitled to its return. In the second it set up it paid $724.33 and was entitled to the return of that amount. The complaint prays for the return of the sum of these two amounts, or namely $1,086.21.

Now, as we have said, in each count the claim was for the general deduction of $4,000 and for the deduction by way of salaries. In neither count was there a sufficient statement showing how the claims for return should be apportioned. We can not tell from the complaint how either the said sum of $361.88 or $724.33 is to be apportioned. We see no real possibility of segregation without further proceedings. Not only does the complaint fail to satisfy our mind but the accompanying returns of the Treasury Department do not throw sufficient light on what the apportionment of each distinct claim should be. It may turn out, but we can not see it clearly, that the payments were only for portions of years instead of for the whole year.

Therefore, the judgment will be affirmed in so far as it refused to allow deduction for the payment of the salaries of Mr. Payne and reversed in so far as it refuses to make the general deductions of $4,000, and the case will be sent back to the District Court of San Juan for further proceedings not inconsistent with this opinion.

Mr. Chief Justice Del Toro dissented.

Mr Justice Hutchison concurs in the judgment.